IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF MISSOURI
WESTERN DVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| **CAROL LINDA DILLE** ) | Case No. 18-42994-DRD13 |
| ) | |
| **Debtor.** ) | |

## UNITED STATES TRUSTEE'S OBJECTION TO THE MOTION TO WITHDRAW

Now comes the United States Trustee, by and through his counsel of record, and files this objection to the motion to withdraw of Joseph Jeppson IV, counsel to Carole Linda Dille (the "Debtor") for the following reasons:

*Procedural History*

1. On November 20, 2018, Debtor commenced this case by filing a voluntary petition for relief pursuant to the provisions of Chapter 13 of Title 11, United States Code (the "Bankruptcy Code").

2. Debtor has been unable to confirm a plan in the fifteen months this case has been pending.

3. Debtor filed a Third Amended Chapter 13 Plan and Plan Summary (Docket #131) (the "Third Plan") on November 20, 2019.

4. On March 18, 2020, the United States Trustee filed a motion to convert this case from Chapter 13 to Chapter 7 under Section 1307(c)

5. Significant objections have been filed to the Third Plan by the United States Trustee, creditors and the Chapter 13 Trustee and a combined hearing on the motion to convert and the confirmation of the Third Plan is now set on August 26, 2020.

6. The Debtor was deposed by counsel for the United States Trustee and counsel for creditor Sasha Investments on June 24, 2020 and July 2, 2020.

7. On July 7, 2020, the Debtor's counsel moved to withdraw. That motion remains pending.

*Argument*

8. Counsel now moves to withdraw for two principal reasons, citing to Missouri Rule of Professional Conduct 4-1.16(b).

9. First, counsel asserts that the Debtor has not cooperated and that "she continues to withhold or omit critical information and fails to follow director of counsel."

10. Either, prior to filing or shortly thereafter, counsel was aware that the Debtor was being investigated for bankruptcy fraud in connection with her prior bankruptcy filings. In fact, at the meeting of creditors in this case on February 26, 2019, counsel was assisted at the meeting in representing the Debtor by criminal defense attorney.

11. Thus, it is unsurprising that a Debtor that has been previously investigated for, charged with, and now stands convicted of bankruptcy fraud may be a difficult client to get to cooperate in a subsequent case.

12. In fact, it appears that Mr. Jeppson factored that into the fee he charged in this case, which was $6,140 in cash upfront. This amount is significantly higher than the no-look fee in this district and suggests that Mr. Jeppson was well-aware of the nature of his client prior to filing the case.

13. Further, Mr. Jeppson agreed to represent her using the Courts' Rights and Responsibilities Agreement. Thus, absent extraordinary cause, Mr. Jeppson is required to represent the Debtor through confirmation of the plan or dismissal or conversion of the case. He cannot be heard now to complain that he undercharged his client. In taking a

flat fee, Mr. Jeppson was certainly aware the representation might take more time than the above the no-look flat fee he charged in this case. Then again, it might not have, and Mr. Jeppson might have received a windfall, which generally would not have been subject to attack under Section 329 if the basis for the flat fee were reasonable (and it certainly was here).

14. The United States Trustee is concerned that this motion was filed on the eve of an evidentiary hearing into confirmation and conversion of the case, and that leaving the Debtor un-represented at this late date and time, in the middle of a pandemic, will throw the pending proceedings into potential disarray. It is unlikely that Ms. Dille will be able to obtain new counsel prior to the hearing, and the hearing will either need to be further continued, or Ms. Dille will have to proceed pro se, which creates its own challenge.

15. Accordingly, this matter will likely be resolved within the next thirty days, and granting withdrawal of counsel now would likely delay proceedings and be improvident. Mr. Jeppson has not shown that continuing to represent Ms. Dille for another thirty days would be an undue hardship under the facts, or that the representation would not be possible.

WHEREFORE, the United States Trustee prays for an order denying the motion to withdraw and for whatever other relief the Court deems just and proper under the circumstances.

Date: July 28, 2020.

Respectfully submitted,

Daniel J. Casamatta
ACTING UNITED STATES TRUSTEE

BY:  /s/ Adam E. Miller
Adam E. Miller, Mo. Bar #65429
Office of the United States Trustee

                                      Charles Evans Whittaker Courthouse
                                      400 East 9th Street, Room 3440
                                      Kansas City, MO  64106
                                      (816) 512-1940
                                      (816) 512-1967 Telecopier
                                      adam.e.miller@usdoj.gov

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served by electronic notification, this 28th day of July, 2020 on the Court's electronic case filing system on the Debtor via her counsel of record, all creditors that have entered their appearance and upon the Chapter 13 Trustee, in accordance with Fed. R. Bankr. P. 9014 and Fed. R. Bankr. P. 7005.  The United States Trustee is currently unable to serve any party by mail but does not believe such service is required by the rules in this case.

                                       /s/ Adam E. Miller
                                      Adam E. Miller