## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| **CAROL LINDA DILLE** | ) | Case No.      18-42994-drd7 |
| | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | |
| **VICTOR WEBER, TRUSTEE,** | ) | |
| | ) | Adv. Proc. No. |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| **GENTRY ROOFING, LLC** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **THE GREEN PEOPLE, LTD.** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **DILLE FAMILY REVOCABLE TRUST** | ) | |
| **DATED October 30, 2008** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **GERALD SANDERS** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **ALLIANCE OF DIVINE LOVE    -** | ) | |
| **CHAPEL 1202** | ) | |
| | ) | |
| and | ) | |
| | ) | |
| **SASHA INVESTMENTS, LLC** | ) | |
| | ) | |
| And | ) | |
| | ) | |
| **CHRIS DILLE** | ) | |
| | ) | |
| Defendants. | ) | |

1

## COMPLAINT TO AVOID AND RECOVER FRAUDULENT TRANSFERS, PREFERENTIAL TRANSFERS, AND FOR DECLARATORY JUDGMENTS AND TO DETERMINE THE EXTENT VALIDITY AND PRIORITY OF LIENS AND INTERESTS IN THE PROPERTY OF THE ESTATE

COMES NOW Victor Weber, Trustee, and for his Complaint states and alleges as follows:

### PARTIES

1. Plaintiff, Victor Weber is the duly appointed, qualified and acting Chapter 7 trustee in the above captioned chapter 7 bankruptcy case.

2. Defendant Gentry Roofing, LLC is a Missouri limited liability company, which may be served with process through its registered agent, Karen S. Rosenberg, 4550 Belleview, Kanas City, Missouri 64111.

3. Defendant, The Green People, Ltd. was a Missouri corporation which was formed on August 8, 2013 and administratively dissolved on April 4, 2014 for failure to file an annual registration report. The Green People, Ltd. may be served via its registered agent, Carol L. Dille at 4937 Westwood Road, Kansas City, Missouri 64112.

4. Defendant, the Dille Family Revocable Trust Dated October 30, 2008 ("The Dille Family Revocable Trust") was a Missouri trust which terminated on or before March 30, 2014. It can be served through process on its final trustee, Loren Rea at 1001 Westport Road, Kansas City, Missouri 64111, and its beneficiaries Carol L. Dille at 4937 Westwood Road, Kansas City, Missouri 64112 and Chris Dille at 4605 Liberty, Kansas City, Missouri.

5. Gerald Sanders is an individual who resides in the United States territory of Guam.

6. Alliance of Divine Love Chapel 1202 was a Missouri corporation which was formed on February 29, 2012 and which was administratively dissolved on December 18, 2013.

2

Alliance of Divine Love Chapel 1202 may be served via its registered agent, Carol L. Dille at

4937 Westwood Road, Kansas City, Missouri 64112.

7.  Sasha Investments, LLC is a Missouri limited liability company.  Sasha Investments, LLC can

be served with process through its registered agent LaCreta Wheeler, 15955 NW 134th Circle,

Platte City, Missouri 64079.

8.  Chris Dille is an individual who resides and can be served at 4605 Liberty Ave. Kansas City,

Mo. 64112.


## JURISDICTION AND VENUE

9.  This Court has jurisdiction over this adversary proceeding pursuant to Sections 157(a) and

1334(a) of Title 28 of the United States Code because it relates to the Chapter 7 case of the

debtor administered in this Court under case number 18-42994-drd7.  This adversary proceeding

is a core proceeding pursuant to Section 157(b)(2)(A), (B), (E), (F), (H), (K) and (O) of Title 28

of the United States Code.

10. Venue of this adversary proceeding is proper in this district pursuant to Section 1409(a) of Title

28 of the United States Code.

11. This adversary proceeding is commenced pursuant to Rule 7001 of the Federal Rules of

Bankruptcy Procedure.


## GENERAL ALLEGATIONS

### The Real Estate

12. On November 20, 2018, the debtor filed a voluntary petition under chapter 13 of the

Bankruptcy Code.  The debtor's schedules, filed on December 5, 2018 list five pieces of real

3

estate in which the debtor has an interest:

   a.   4937 Westwood Road, Kansas City, Mo. 64112

   b.   4933 Westwood Road, Kansas City, Mo. 64112

   c.   781 NW 1621 Rd. Bates City, Mo. 64011;

   d.   206 East 66th Street, Kansas City, Mo. 64113

   e.   4605 Liberty Street, Kansas City, Mo. 64112

The above listed real estate, in addition to a lot with the legal description LOT 117 IN

OAKSHIRE, 3RD PLAT AS SHOWN BY THE PLAT FILED IN PLAT BOOK 11, AT

PAGES 46-49, IN JOHNSON COUNTY, MISSOURI are collectively referred to herein as

the Real Estate.


*4937 Westwood*

13. The debtor, Carol Linda Dille first acquired a sole fee simple interest in the real estate

    described as 4937 Westwood Road, Kansas City, Missouri via a quitclaim deed to her as a

    single person and from Phillip Dale Dean, dated July 16th, 1980.  The legal description of this

    property is "Lot 33, WESTWOOD PARK, a subdivision in Kansas City, Jackson County,

    Missouri, according to the recorded plat thereof."  This property will be referred to herein as

    "4937 Westwood." This deed recites that the parties to the deed had previously been

    husband and wife and that the conveyance was made pursuant to a decree of divorce.

14. In a quitclaim deed, dated October 20, 2014, Carol Linda Dille, purported to convey her

    interest in 4937 Westwood to the Dille Family Revocable Trust.

15. The Dille Family Revocable Trust was a Missouri trust which terminated on or before March

    30, 2014.  It was created by Carol Dille's mother, Catherine Dille, and had two beneficiaries,

4

Carol Dille and Chris Dille.

16. On or about June 20, 2017 Loren Rea executed a deed of trust purporting to convey a lien in
4937 Westwood to Gregory Thomson, as Trustee for Sasha Investments, LLC to secure the
repayment of a debt owing in an original principal amount of $101,000. This deed of trust
was filed with the Jackson County, Missouri Recorder of Deeds on September 17, 2018.

*4933 Westwood*

17. The debtor, Carol Linda Dille first acquired title to the real estate described as 4933
Westwood Road, Kansas City, Missouri via a warranty deed conveying this property to her
and from Diane T. Hand, dated August 12, 2005. The legal description of this property is
"Lot 34, WESTWOOD PARK, a subdivision in Kansas City, Jackson County, Missouri,
according to the recorded plat thereof." This property shall be referred to herein as "4933
Westwood."

18. In a quitclaim deed, dated December 15, 2014, Carol Linda Dille, purported to convey her
interest in 4933 Westwood to the Dille Family Revocable Trust.

- *781 NW 1621 Rd.*

21     The debtor Carol Linda Dille first acquired an interest in the real estate described as
781 NW 1621 Rd., Kansas City, Missouri via a warranty deed conveying this property to
her, dated May 18, 2017, and from Alan J. Branhagen. The legal description of this
property is "TRACT I: Lot 119 in OAKSHIRE, 3RD PLAT, as shown by the plat filed in
Plat Book 11, at pages 46-49 in Johnson County, Misssouri, according to the recorded

5

plat thereof.  TRACT II: Lot 120 in OAKSHIRE, 3RD PLAT, as shown by the plat filed in Plat Book 11 at Pages 46-48; in Johnson County, Missouri according to the recorded plat thereof"  This property, consisting of Tract I and Tract II shall be referred to herein as "781 NW 1621 Rd."

22      In two quitclaim deeds, both dated July 7, 2017, Carol Linda Dille, purported to convey her interest in 781 NW 1621 Rd to the Alliance of Divine Love – Chapel 1202.

23      The Alliance of Divine Love Chapel 1202 was a Missouri non profit corporation which was formed on February 29, 2012 by Carol Dille and which was administratively dissolved on December 18, 2013.

24      The debtor Carol Linda Dille first acquired an interest in the real estate described as Lot 117 in OAKSHIRE, 3RD PLAT, as shown by the plat filed in Plat Book 11 at Pages 46-49; in Johnson County, Missouri via a warranty deed conveying this property to the Alliance of Divine Love – Chapel 1202, dated September 30, 2016, and from Donald L. Bree and Donna J. Bree, Trustees of the Bree Family Living Trust, dated February 8, 2000.  This property shall be referred to herein as "Lot 117"

25      On or about June 20, 2017 Carol Dille executed a deed of trust conveying an interest in Lot 117 to Gregory Thomson, as Trustee for Sasha Investments, LLC to secure the repayment of a debt owing in an original principal amount of $101,000.  This deed of trust was filed with the Johnson County, Missouri Recorder of Deeds on September 17, 2018.

*206 East 66th Street*

26      The debtor Carol Linda Dille first acquired an interest in the real estate described as

206 East 66th Street, Kansas City, Missouri via a warranty deed to the Green People, Ltd,

dated April 2, 2013 and from Gerald Sanders.  The legal description of this property is

"Lot 13, and the westerly 10 feet of Lot 14, Block 23, ARMOUR HILLS, a subdivision

in Kansas City, Jackson County, Missouri, according to the recorded plat thereof"  This

property shall be referred to herein as "206 East 66th."

27      The debtor, Carol Linda Dille, formed the defendant corporation the Green People,

Ltd. on July 28, 2000.  Upon information and belief, Ms. Dille is the Green People,

Ltd's. sole shareholder.

28      According to the last annual report filed by the Green People, Ltd. with the Missouri

Secretary of State in March of 2017, Ms. Dille was the corporation's only officer and

only board member.  This corporation was administratively dissolved on April 4, 2014

for failure to file an annual report.

29      On December 11, 2014, Carol L. Dille executed a quitclaim deed, purportedly on

behalf of Green People, Ltd. quit claiming all right title and interest in the 206 East 66th

Street property to the Dille Family Revocable Trust.


*4605 Liberty Ave*

30      The debtor, Carol Linda Dille acquired title to the real estate described as 4605

Liberty Avenue, Kansas City, Missouri a Trustee's Deed of Distribution from the Dille

Family Revocable Trust dated March 30, 2014.  The legal description of this property is

"Lot 44-44, WIEDENMANN PARK, a subdivision in Kansas City, Jackson County,

Missouri."  This property shall be referred to herein as "4605 Liberty."

7

*Bankruptcy Case*

31      The debtor's bankruptcy case commenced with the filing of her voluntary petition

under chapter 13 of the Bankruptcy Code on November 20, 2018.

32      On October 5, 2020, the United States Trustee appointed Victor F Weber as trustee

for the debtor's above-captioned bankruptcy estate.


*The Debtor's Application for Her Husband's Social Security Benefits*

33      The debtor, Carol Dille, married Gerald A. Sanders in 1988.

34      The couple separated in 2009.  Mr. Sanders has been living overseas since their

separation.

35      On September 20, 2013 without Mr. Sanders knowing, Ms. Dille completed an

application for Mr. Sander's Social Security Retirement Benefits using Mr. Sander's

name, social security number, and date of birth.

36      Ms. Dille listed her own contact information on the application and indicated that

Mr. Sander's Social Security benefits should be deposited into a bank account held in the

name of The Alliance of Divine Love Chapel 1202.

37      Mr. Sanders Social Security Benefits were deposited into the The Alliance of Divine

Love Chapel 1202 beginning in November of 2013.

38      Ms. Dille collected and spent Mr. Sander's Social Security benefits for her own

benefit.

39      By the acts set forth above, Ms. Dille committed fraud against both Gerald Sanders

and the United States of America, both of whom have claims against her.

## COUNT ONE - AVOIDANCE OF PREFERENTIAL TRANSFERS

## TO SASHA INVESTMENTS, LLC

40      The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

41      On or about July 17, 2017, the debtor Carol Dille executed a promissory note

payable to Sasha Investments, LLC in which she promised to pay Sasha Investments

$101,000.

42      In order to secure this obligation the debtor executed a deed of trust, dated July 17,

2017 granting Sasha Investments a lien in Lot 117 to secure the debtor's obligation to

pay Sasha Investments $101,000.

43      In order to secure this $101,000obligation, Loren Rea, as trustee of the Dille Family

Revocable Trust executed a deed of trust, dated July 17, 2017 granting Sasha

Investments liens in 4937 Westwood to secure the debtor's obligation to pay Sasha

Investments $101,000.

44      Sasha Investments filed these deeds of trust with the proper Recorders of Deeds on

September 18, 2018.

45      The recording of the deeds of trust (the "DOT Transfer") was a transfer of the

interests of the debtor in property.

46      The DOT Transfer was made on account of the $101,000 principal debt owing

Sasha Investments, LLC, by the debtor.

47      This debt was owing more than a year before the DOT Transfer was made.

48      The DOT Transfer was made when the debtor was insolvent.

49      The DOT Transfer was made within 90 days before the date of the filing of the

debtor's petition.

50      The DOT Transfer would enable Sasha Investments to receive more than it would

receive if this case were a case under chapter 7 of this title and the transfer had never

been made.

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and

against Sasha Investments, LLC avoiding the DOT Transfer pursuant to Section 547 of the

Bankruptcy Code and preserving the transferred perfected liens for the benefit of the estate and

for such other and further relief as the Court deems just and equitable.

## COUNT TWO – RECOVERY OF ESTATE PROPERTY – SASHA INVESTMENTS, LLC

51      The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

52      The plaintiff is entitled to avoid the DOT Transfer described above pursuant to

section 547 of the Bankruptcy Code.

53      Sasha Investments, LLC was the initial transferee of the DOT Transfer and the

entity for whose benefit the DOT Transfer was made.

54      Pursuant to Section 550 of the Bankruptcy Code, the plaintiff is entitled to recover

the property transferred or the value of the transfer from Sasha Investments LLC

WHEREFORE, the plaintiff requests that this Court enter a judgment avoiding the

DOT Transfer and preserving the transferred perfected liens for the benefit of the estate

or entering judgment against Sasha Investments, LLC for the value of the DOT Transfer

and granting such other and further relief as the Court deems just and equitable.


## COUNT THREE – AVOIDANCE OF FRAUDULENT TRANSFERS
## THE DILLE FAMILY TRUST

55      The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

56       This Count is brought under Section 428.024.1(1) of Missouri's Statutes because

The Dille Family Trust Transfers (defined *infra*) were made with actual intent to defraud

Carol Dille's creditors.

57      This Count is also brought under Sections 428.024.1(2) and 428.029.1 and .2. of

Missouri's Statutes because The Dille Family Trust Transfers were made in exchange for

less than adequate consideration.   Carol Dille was insolvent when the Transfers were

made and because the Dille Family Trust Transfers deepened Carol Dille's already

existing insolvency.

58      In a quitclaim deed, dated October 20, 2014, Carol Linda Dille, purported to convey

her interest in 4937 Westwood to the Dille Family Revocable Trust.

59      In a quitclaim deed, dated December 15, 2014, Carol Linda Dille, purported to

convey her interest in 4933 Westwood to the Dille Family Revocable Trust.

60      On December 11, 2014, Carol L. Dille executed a quitclaim deed, on behalf of Green

People, Ltd. quit claiming all right title and interest in 206 East 66th to the Dille Family

11

Revocable Trust.

61      These transfers via quitclaim deed of the property at 4937 Westwood, 4933

Westwood, and 206 East 66th Street, are referred to herein as "The Dille Family Trust

Transfers."

62      The Dille Family Trust Transfers were transfers of the interests of the debtor, Carol

Dille in property.

63      The transferee, the Dille Family Trust was a testamentary spendthrift trust, settled by

Carol Dille's mother, Catherine Dille.

64      The Dille Family Trust has two beneficiaries, Carol Dille and her brother Chris Dille.

65      The Dille Family Trust is an insider of the debtor, Carol Dille.

66      The Dille Family Trust Transfers were made for no consideration.

67      After the Dille Family Trust transfers were made, Carol Dille retained control of

4937 Westwood, 4933 Westwood, and 206 East 66th.

68      The Dille Family Trust Transfers were transfers of substantially all of Carol Dille's

assets.

69      Carol Dille concealed the Dille Family Trust Transfers.  Though was obliged to

disclose them in her bankruptcy cases filed on:  February 12, 2015 in the Western

District of Missouri, case no. 15-40338-drd7: May 7, 2015 in the Western District of

Missouri, case no. 15-41327-drd13; and February 16, 2016 in the Western District of

Missouri, case no.  16-40342-drd13 – she failed to do so.

70      Carol Dille was insolvent when the Dille Family Trust Transfers were made or she

became insolvent as a result of the Dille Family Trust Transfers

71      The value of Carol Dille's interest in 4937 Westwood, 4933 Westwood, and 206 East

12

66th Street was several hundred thousand dollars when the Dille Family Transfers were made.

72     Carol Dille made the Dille Family Trust Transfers with the intent of hindering, delaying, and defrauding her then existing creditors including, but not limited to, her then-husband, Gerald Sanders and the United States Social Security Administration.

73     When Carol Dille made the Dille Family Trust Transfers, she intended to incur or reasonably believe she would incur debts beyond her ability to pay as they came due, including, but not limited to, her ever-increasing debts owing Gerald Sanders and the United States Social Security Administration.


WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and against the defendant the Dille Family Trust avoiding the Dille Family Trust Transfers and preserving the transferred real estate for the benefit of the bankruptcy estate and granting such other and further relief as the Court deems just and equitable.


## COUNT FOUR – AVOIDANCE OF FRAUDULENT TRANSFERS
## THE DILLE FAMILY TRUST

74     The plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

75      This Count is brought under Section 548(e) of the Bankruptcy Code because The Dille Family Trust Transfers were transfers to a self-settled trust or similar device by the debtor with actual intent to hinder delay or defraud the debtor's creditors.

76     The Dille Family Trust Transfers were transfers of the interests of the debtor, Carol

Dille in property.

77      The transferee, the Dille Family Trust was a testamentary trust, settled by Carol

Dille's mother, Catherine Dille.

78      The Dille Family Trust has two beneficiaries, Carol Dille and her brother Chris Dille.

79      The Dille Family Trust is an insider of the debtor, Carol Dille.

80      The Dille Family Trust is a similar device to a self-settled trust.

81      By transferring property to the Dille Family Trust, the debtor was a settlor of the

trust.

82      As to the debtor, the Dille Family Trust is a self-settled trust.

83      The Dille Family Trust Transfers were made for no consideration.

84      After the Dille Family Trust transfers were made, Carol Dille retained control of

4937 Westwood, 4933 Westwood, and 206 East 66th.

85      The Dille Family Trust Transfers were transfers of substantially all of Carol Dille's

assets.

86      Carol Dille concealed the Dille Family Trust Transfers.  Though was obliged to

disclose them in her bankruptcy cases filed on:  February 12, 2015 in the Western

District of Missouri, case no. 15-40338-drd7: May 7, 2015 in the Western District of

Missouri, case no. 15-41327-drd13; and February 16, 2016 in the Western District of

Missouri, case no.  16-40342-drd13 – she failed to do so.

87      Carol Dille was insolvent when the Dille Family Trust Transfers were made or

became insolvent as a result of the Dille Family Trust Transfers

88      The value of Carol Dille's interest in 4937 Westwood, 4933 Westwood, and 206 East

66th Street was several hundred thousand dollars when the Dille Family Transfers were

14

made.

89      Carol Dille made the Dille Family Trust Transfers with the intent of hindering,

delaying, and defrauding her then existing creditors including, but not limited to, her

then-husband, Gerald Sanders and the United States Social Security Administration.

90      When Carol Dille made the Dille Family Trust Transfers, she intended to incur or

reasonably believe she would incur debts beyond her ability to pay as they came due,

including, but not limited to, her ever-increasing debts owing Gerald Sanders and the

United States Social Security Administration.


WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and

against the defendant the Dille Family Trust avoiding the Dille Family Trust Transfers and

preserving the transferred real estate for the benefit of the bankruptcy estate and granting such

other and further relief as the Court deems just and equitable.


## COUNT FIVE – RECOVERY OF ESTATE PROPERTY – DILLE FAMILY TRUST

91      The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

92      The plaintiff is entitled to avoid the Dille Family Trust Transfers described above

pursuant to sections 548(e) and 544(b) of the Bankruptcy Code.

93      The Dille Family Trust was the initial transferee of the Dille Family Trust Transfers

and the entity for whose benefit the Dille Family Trust Transfers were made.

94      Pursuant to Section 550 of the Bankruptcy Code, the plaintiff is entitled to recover

the property transferred or the value of the transfer from the Dille Family Trust.

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and against the defendant the Dille Family Trust avoiding the Dille Family Trust Transfers and preserving the transferred real estate for the benefit of the bankruptcy estate and granting such other and further relief as the Court deems just and equitable.

## COUNT SIX – AVOIDANCE OF FRAUDULENT TRANSFERS
## THE ALLIANCE OF DIVINE LOVE - CHAPEL 1202

95     The plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

96      This Count is brought under Section 428.024.1(1) of Missouri's Statutes because The Alliance of Divine Love Transfers (defined *infra*) were made with actual intent to defraud Carol Dille's creditors.

97      This Count is also brought under Section 548(a)(1)(B) of the Bankruptcy Code and under Sections 428.024.1(2) and 428.029.1 and .2. of Missouri's Statutes because The Alliance of Divine Love Transfers were made in exchange for less than adequate consideration.   Carol Dille was insolvent when the transfers were made and because the The Alliance of Divine Love Transfers deepened Carol Dille's already existing insolvency.

98      In two quitclaim deeds, both dated July 7, 2017 Carol Dille, purported to convey her interest in 781 NW 1621 to The Alliance of Divine Love – Chapel 1202

99      From 2012 to the present, Carol Dille transferred hundreds of thousands of dollars

to the Alliance of Divine Love – Chapter 1202.

100    Carol Linda Dille's transfer on July 17, 2017 of 781 NW 1621 to The Alliance of

Divine Love – Chapel 1202 and Carol Dille's transfer of hundreds of thousands of

dollars to the Alliance of Divine Love – Chapel 1202 are collectively referred to herein as

"The Alliance of Divine Love Transfers."

101    The Alliance of Divine Love Transfers were transfers of the interests of the debtor,

Carol Dille in property.

102    The transferee, Alliance of Divine Love – Chapel 1202, was a Missouri nonprofit

corporation.  Carol Dille was its only member and officer.

103    The Alliance of Divine Love – Chapel 1202 is an insider of the debtor, Carol Dille.

104    The Alliance of Divine Love Transfers were made for no consideration.

105    After the Alliance of Divine Love Transfers were made, Carol Dille retained control

of 781 NW 1621 and the funds transferred by her to Alliance of Divine Love – Chapel

1202

106    The Alliance of Divine Love Transfers were transfers of substantially all of Carol

Dille's assets.

107    Carol Dille concealed the Alliance of Divine Love Transfers.  Carol Dille was obliged

to disclose the transfer of 781 NW 1621 in the above-captioned bankruptcy proceeding,

but she failed to do so.  Additionally, she was obliged to disclose the transfers of funds

in the above-captioned bankruptcy case and on her other bankruptcy cases, filed on:

February 12, 2015 in the Western District of Missouri, case no. 15-40338-drd7: May 7,

2015 in the Western District of Missouri, case no. 15-41327-drd13; and February 16,

2016 in the Western District of Missouri, case no.  16-40342-drd13 – but she failed to do

17

so.

108     Carol Dille was insolvent when the Alliance of Divine Love Transfers were made or became insolvent as a result of the Alliance of Divine Love Transfers.

109     The value of 781 NW 1621 and the funds transferred to the Alliance of Divine Love – Chapel 1202, were several hundred thousand dollars when the Alliance of Divine Love Transfers were made.

110     Carol Dille made the Alliance of Divine Love Transfers with the intent of hindering, delaying, and defrauding her then existing creditors including, but not limited to, her then-husband, Gerald Sanders and the United States Social Security Administration.

111     When Carol Dille made the Alliance of Divine Love Transfers, she intended to incur or reasonably believe she would incur debts beyond her ability to pay as they came due, including, but not limited to, her ever-increasing debts owing Gerald Sanders and the United States Social Security Administration.

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and against the defendant the Alliance of Divine Love – Chapel 1202 avoiding the Alliance of Divine Love Transfers: preserving the transferred real estate for the benefit of the bankruptcy estate; entering judgment against the Alliance of Divine Love – Chapel 1202 for the value of the Alliance of Divine Love Transfers and granting such other and further relief as the Court deems just and equitable.

**COUNT SEVEN – AVOIDANCE OF FRAUDULENT TRANSFERS**

## ALLIANCE OF DIVINE LOVE – CHAPEL 1202

112     The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

113      This Count is brought under Section 548(e) of the Bankruptcy Code because The

Alliance of Divine Love Transfers were transfers device similar to a self-settled trust by

the debtor with actual intent to hinder delay or defraud the debtor's creditors.

114     The Alliance of Divine Love Transfers were transfers of the interests of the debtor,

Carol Dille in property.

115     The transferee, the Alliance of Divine Love – Chapel 1202 was a Missouri nonprofit

corporation, whose only member and officer was Carol Dille, who conducted the

corporation's affairs for her own benefit.

116     As a nonprofit corporation with one member Alliance of Divine Love – Chapel 1202

is a similar device to a self-settled trust.

117     The Alliance of Divine Love Transfers were made for no consideration.

118     After the Alliance of Divine Love Transfers were made, Carol Dille retained control

of 781 NW 1621 and the funds transferred by her to Alliance of Divine Love – Chapel

1202

119     The Alliance of Divine Love Transfers were transfers of substantially all of Carol

Dille's assets.

120     Carol Dille concealed the Alliance of Divine Love Transfers.  Carol Dille was obliged

to disclose the transfer of 781 NW 1621 in the above-captioned bankruptcy proceeding,

but she failed to do so.  Additionally, she was obliged to disclose the transfers of funds

in the above-captioned bankruptcy case and on her other bankruptcy cases, filed on:

19

February 12, 2015 in the Western District of Missouri, case no. 15-40338-drd7: May 7,

2015 in the Western District of Missouri, case no. 15-41327-drd13; and February 16,

2016 in the Western District of Missouri, case no.  16-40342-drd13 – but she failed to do

so.

121     Carol Dille was insolvent when the Alliance of Divine Love Transfers were made or

became insolvent as a result of the Alliance of Divine Love Transfers.

122     The value of 781 NW 1621 and the funds transferred to the Alliance of Divine Love

– Chapel 1202, were several hundred thousand dollars when the Alliance of Divine Love

Transfers. were made.

123     Carol Dille made the Alliance of Divine Love Transfers with the intent of hindering,

delaying, and defrauding her then existing creditors including, but not limited to, her

then-husband, Gerald Sanders and the United States Social Security Administration.

124     When Carol Dille made the Alliance of Divine Love Transfers, she intended to incur

or reasonably believe she would incur debts beyond her ability to pay as they came due,

including, but not limited to, her ever-increasing debts owing Gerald Sanders and the

United States Social Security Administration.


WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and

against the defendant the Alliance of Divine Love – Chapel 1202 avoiding the Alliance of Divine

Love Transfers: preserving the transferred real estate for the benefit of the bankruptcy estate;

entering judgment against the Alliance of Divine Love – Chapel 1202 for the value of the

Alliance of Divine Love Transfers and granting such other and further relief as the Court deems

just and equitable.

20

## COUNT EIGHT – RECOVERY OF ESTATE PROPERTY – ALLIANCE OF DIVINE LOVE

125    The plaintiff repeats and realleges the allegations contained above in all prior paragraphs, as though fully set forth at length.

126    The plaintiff is entitled to avoid the Alliance of Divine Love Transfers described above pursuant to sections 548(e) and 544(b) of the Bankruptcy Code.

127    The Alliance of Divine Love – Chapel 1202 was the initial transferee of the Alliance of Divine Love Transfers and the entity for whose benefit the Alliance of Divine Love Transfers were made.

128    Pursuant to Section 550 of the Bankruptcy Code, the plaintiff is entitled to recover the property transferred or the value of the transfer from the Alliance of Divine Love

129    Upon information and belief, the only property of value held by the Alliance of Divine Love - Chapel 1202 are 781 NW 1621 Rd. which was transferred as part of the Alliance of Divine Love Transfers and the adjacent lot, Lot 117, which was purchased with the funds transferred as part of the Alliance of Divine Love Transfers.

130    The value of lot 117 is less than the sum of cash transferred as part of the Alliance of Divine Love Transfers

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and against the defendant the Dille Family Trust avoiding the Alliance of Divine Love Transfers and preserving the transferred real estate at 731 NW 1621 for the benefit of the bankruptcy estate;

21

ordering that Lot 117 be recovered by the plaintiff in partial satisfaction of the Alliance of

Divine Love Transfers and granting such other and further relief as the Court deems just and

equitable.

## ALTER EGO / REVERSE VEIL PIERCING – DILLE FAMILY TRUST – GREEN PEOPLE, LTD – AND THE ALLIANCE OF DIVINE LOVE – CHAPEL 1202

131     The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

132     Carol Dille exercised complete dominion and control over all the affairs of Green

People, Ltd. and The Alliance of Divine Love – Chapel 1202, from their inception to the

present.

133     Carol Dille's control over Green People, Ltd. and The Alliance of Divine Love –

Chapel 1202 was so complete that these entities have never had a separate mind, will, or

existence of their own.

134     Carol Dille has exercised complete dominion and control over the Dille Family

Trust's receipt of, ownership of, and management of 4937 Westwood, 4933 Westwood,

and 260 East 66th.

135      Carol Dille's control over the Dille Family Trust's receipt of, ownership of, and

management of 4937 Westwood, 4933 Westwood, and 260 East 66th was so complete

that these this trust never had a separate mind, will, or existence relaing to the Dille

Family Trust's receipt of, ownership of, and management of 4937 Westwood, 4933

Westwood, and 260 East 66th

22

136     Carol Dille used her domination and control of the Green People, Ltd., The Alliance
of Divine Love – Chapel 1202, and the Dille Family Trust to hinder delay and defraud
her creditors and to prevent them from collecting debts against her.  Additionally, Carol
Dille used her domination and control of these entities to prevent the administration of
the real estate at 4937 Westwood, 4933 Westwood, 260 East 66th, 781 NW 1621, and Lot
117 in the current above-captioned bankruptcy case, as well as her previous bankruptcy
cases.

137     Carol Dille's use of her dominion and control of Green People, Ltd., The Alliance of
Divine Love – Chapel 1202, and the Dille Family Trust has been dishonest, in violation
of her duties as a debtor in her various bankruptcy cases, and has unjustly been in
contravention of her creditors' rights to be paid for their claims.

138     Carol Dille's use of her domination and control of the Green People, Ltd., The
Alliance of Divine Love – Chapel 1202, and the Dille Family Trust has injured Ms.
Dille's creditors by preventing the payment of their claims by preventing them from
seeking payment of their claims from the debtor's interest in 4937 Westwood, 4933
Westwood, 260 East 66th, 781 NW 1621, and Lot 117

139     The titling of 4937 Westwood, 4933 Westwood, 260 East 66th, 781 NW 1621, and
Lot 117 in the names of Green People, Ltd., The Alliance of Divine Love – Chapel
1202, and the Dille Family Trust was a sham.  At all times, Carol Dille, maintained and
enjoyed complete control and domination of all of these properties.

140      At all times Carol Dille exercised all rights of ownership in these properties.

141     It would be equitable and would cure Carol Dille's inequitable and unjust conduct
for this Court to enter a judgment finding that Carol Dille is the fee simple owner of

23

4937 Westwood, 4933 Westwood, 260 East 66th, 781 NW 1621, and Lot 117.

WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for finding that:

(i) Carol Dille is the alter ego of Green People, Ltd., The Alliance of Divine Love – Chapel 1202,

and the Dille Family Trust on all matters relating to 4937 Westwood, 4933 Westwood, 260 East

66th, 781 NW 1621, and Lot 117; (ii)  that Carol Dille is the fee simple owner of 4937 Westwood,

4933 Westwood, 260 East 66th, 781 NW 1621, and Lot 117 and granting such other and further

relief as the Court deems just and equitable.

## QUIET TITLE – ALL DEFENDANTS

142    The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

143    In this Count, the plaintiff requests that this Court determine who holds title or

ownership interests in the Real Estate and to define by its judgment who the owners of

the Real estate are.

144    This Count is brought pursuant to Section 105 of the Bankruptcy Code and section

527.150 of Missouri's Statutes.

145    All the defendants herein may claim some right title to or ownership interest in the

Real Estate.

146    The plaintiff, as trustee, has the rights and powers of, or may avoid any transfer of

property of the debtor that is voidable by a bona fide purchaser of real property, other

than fixtures, from the debtor, against whom applicable law permits such transfer to be

perfected, that obtains the status of a bona fide purchaser and has perfected such

24

transfer at the time of the commencement of the case.

147    The plaintiff, as trustee, has the rights and powers of, or may avoid any transfer of

property of the debtor that is voidable creditor that extends credit to the debtor at the

time of the commencement of the case, and that obtains, at such time and with respect

to such credit, a judicial lien on all property on which a creditor on a simple contract

could have obtained such a judicial lien.

148    Defendant, Alliance of Divine Love - Chapel 1202 was a Missouri non-profit

corporation which was formed on February 29, 2012 by Carol L. Dille and which was

administratively dissolved on December 18, 2013.

149    Following Alliance of Divine Love - Chapel 1202's dissolution, it was prohibited

from carrying on any activities other than the winding up of its affairs.

150    In July 2017, Carol Dille purported to convey 781 NW 1621 St. to Defendant,

Alliance of Divine Love - Chapel 1202 via quitclaim deed.

151    This attempt at a conveyance was void because it was not done for the purpose of

winding up the affairs of Alliance of Divine Love - Chapel 1202 and a fee simple interest

in 781 NW 1621 continued to reside in Carol Dille after July of 2017.

152    Defendant, The Dille Family Revocable Trust is a spendthrift trust created for the

benefit of the settlor – Catherine Dille, Carol Dille, and Carol Dille's brother, Chris

Dille.

153    The Dille Family Revocable Trust instrument provides that the only property in the

trust was 4605 Liberty.

154    No provision of the Dille Family Revocable Trust instrument permits the acquisition

of any additional property.

155     The Dille Family Revocable Trust instrument provides that all property of the trust

        was to be distributed upon the death of Catherine Dille.

156     The Dille Family Revocable Trust instrument contains a spendthrift provision.

157     Catherine Dille passed away in 2011.

158     On March 30, 2014, the Dille Family Revocable Trust conveyed 4605 Liberty, all of

        its property, to Carol Dille and Chris Dille jointly.

159     At the time of the May 30, 2014 distribution of 4605 Liberty, the Dille Family

        Revocable Trust ceased to exist as a matter of law.

160     In a quitclaim deed, dated October 20, 2014, Carol Linda Dille, purported to convey

        her interest in 4937 Westwood to the Dille Family Revocable Trust. This attempt at a

        transfer was void because the Dille Family Revocable Trust no longer existed.

161     In a quitclaim deed, dated December 15, 2014, Carol Linda Dille, purported to

        convey her interest in 4933 Westwood to the Dille Family Revocable Trust. This

        attempt at transfer was void because the Dille Family Revocable Trust no longer existed.

162     On December 11, 2014, Carol L. Dille executed a quitclaim deed, purportedly on

        behalf of the Green People, Ltd. quit claiming all right title and interest in 206 East 66th

        to the Dille Family Revocable Trust. This attempt at a transfer was void because the

        Dille Family Revocable Trust no longer existed.

163     On September 30, 2016, Alliance of Divine Love – Chapel 1202, was deeded Lot 117

        via warranty deed. Lot 117 was purchased with Carol Dille's funds which had been

        transferred to Alliance of Divine Love – Chapel 1202.

164     On September 30, 2016, Alliance of Divine Love - Chapel 1202 had been

        administratively dissolved for years and it was prohibited from carrying on any activities

other than the winding up of its affairs.

165     The conveyance of Lot 117 was actually a straw-man transaction.  The property was

conveyed to Carol Dille, who at the time was using the name Alliance of Divine Love -

Chapel 1202 functionally as an alias, since that entity no longer existed.

166     When the above captioned bankruptcy case commenced on November 20, 2018,

Carol Dille had legal and equitable title to Lot 117; 781 NW 1621st; 4937 Westwood; and

4933 Westwood.  Additionally, Carol Dille had a joint ownership interest with Chris

Dille in 4605 Liberty.

167     Additionally, on the day the above-captioned case commenced, legal title to 206 East

66th was in the name of the Green People, Ltd.

168     When the above-captioned case commenced, the debtor, Carol Dille, was the only

officer or upon information and belief, the only shareholder of the Green People, Ltd.

169     Upon the commencement of the debtor's bankruptcy case, title to Lot 117; 781 NW

1621st; 4937 Westwood; and 4933 Westwood became property of the above-captioned

bankruptcy estate.

170     Upon the commencement of the debtor's bankruptcy case all the debtor's right title

in interest in the Green People, Ltd. along with the debtor's power to act for or on

behalf of the Green People, Ltd. became property of the estate.


WHEREFORE the plaintiff respectfully requests that this Court enter its judgment

finding that (i) the plaintiff, as trustee of the above captioned bankruptcy estate is the fee

simple owner of Lot 117; 781 NW 1621st; 4937 Westwood;; and 4933 Westwood, as well

as the owner of a ½ interest in 4605 Liberty; (ii) the Green People, Ltd. is the titled fee

27

simple owner of 206 East 66; (iii)  the plaintiff, as trustee of the above captioned

bankruptcy estate is the holder of all shares of the Green People, Ltd. and is also the

holder of the debtor's power as an officer of the Green People, Ltd. to act on behalf of

the Green People, Ltd; (iv) approving and finding that the plaintiff has exercised the

right to act on behalf of the Green People, Ltd. to convey all rights and title to 206 East

66th to the plaintiff as trustee of the above-captioned bankruptcy estate; and (v) granting

such other and further relief as the Court deems just and equitable.

### DETERMINE EXTENT VALIDITY AND PRIORITY OF LIENS – GENTRY ROOFING AND SASHA INVESTMENTS, LLC.

171     The plaintiff repeats and realleges the allegations contained above in all prior

paragraphs, as though fully set forth at length.

172     On or about December 31, 2012, the Circuit Court of Jackson County, Missouri

issued a levy against 206 East 66th in Jackson County, Missouri case number 1216-

CV02001, *Gentry Roofing, LLC v. Carol Dille, et al.* for the benefit of the plaintiff and

judgment creditor, Gentry Roofing, LLC

173     Notice of this levy was issued by the Circuit Court of Jackson County, Missouri on

January 2, 2013, indicating that the levy had a return date of April 1, 2013.

174     Subsequent to the issuance of notice of the levy, the plaintiff, Gentry Roofing filed a

satisfaction of judgment in case number 1216-CV02001.

175     Accordingly, Gentry Roofing, LLC has no lien, right, title or interest in 206 East 66th.

176     On or about July 17, 2017, the debtor Carol Dille executed a promissory note

payable to Sasha Investments, LLC in which she promised to pay Sasha Investments

28

$101,000.

177     In order to secure this obligation, Loren Rea, as trustee of the Dille Family

Revocable Trust executed a deed of trust, dated July 17, 2017 granting Sasha

Investments a lien in 4937 Westwood to secure the debtor's obligation to pay Sasha

Investments $101,000.

178     Defendant, The Dille Family Revocable Trust is a spendthrift trust for the benefit of

the settlor – Catherine Dille, Carol Dille, and Carol Dille's brother, Chris Dille.

179     The Dille Family Revocable Trust instrument further provides that the only property

in the trust was 4605 Liberty.

180     No provision of the Dille Family Revocable Trust instrument permits the acquisition

of any additional property.

181     The Dille Family Revocable Trust instrument further provides that all property of

the trust was to be distributed upon the death of Catherine Dille.

182     The Dille Family Revocable Trust instrument contains a spendthrift provision.

183     Catherine Dille passed away in 2011.

184     On March 30, 2014, the Dille Family Revocable Trust conveyed 4605 Liberty, all of

its property, jointly to Carol Dille and Chris Dille.

185     At the time of the May 30, 2014 distribution of 4605 Liberty, the Dille Family

Revocable Trust ceased to exist as a matter of law.

186     In a quitclaim deed, dated October 20, 2014, Carol Linda Dille, purported to convey

her interest in 4937 Westwood to the Dille Family Revocable Trust.  This attempt at a

transfer was void because the Dille Family Revocable Trust no longer existed.

187     The Dille Family Revocable Trust does not now and has not ever had an ownership

29

interest in 4937 Westwood.

188     No interest in real estate in the state of Missouri, including a lien or deed of trust,

may be conveyed without the conveyance being in writing and signed by an owner of the

real estate.

189     The deed of trust in favor of Sasha Investments, LLC on 4937 Westwood is

executed only by Loren Rea, who has no ownership interest in 4937 Westwood and

never has had any.

190     Consequently, Sasha Investments, LLC has no interest in 4937 Westwood.


WHEREFORE, the plaintiff respectfully prays that the Court enter a judgment for him and

against the Gentry Roofing, LLC and Sasha Investments, LLC finding (i) Gentry Roofing, LLC

has no lien or interest in 206 East 66th; (ii) Sasha Investments, LLC has no lien or interest in 206

East 66th; and (iii) granting such other and further relief as the Court deems just and equitable.


Respectfully submitted,

**MERRICK, BAKER & STRAUSS, P.C.**

**By:** /s/ Victor F Weber
**BRUCE E. STRAUSS          MO#26323**
**VICTOR F. WEBER          MO#57361**
**1044 Main Street**
**Suite 500**
**Kansas City, MO 64105**
**Telephone:     (816) 221-8855**
**Facsimile:     (816) 221-7886**