**UNITED STATES BANKRUPT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| In re: ) | |
| ) | |
| CAROL LINDA DILLE, ) | Case No. 18-42994 |
| ) | |
| Debtor. ) | |

## ORDER

Before this Court is the Amended Second Application for Payment of Fees (the "Fee Application") filed by counsel for Carol Dille (the "Debtor"). In his application, Joseph Jepson IV ("Counsel") seeks an order a) approving the full flat fee of $6,175 and treating the funds in trust as earned fees; b) approving additional attorney fees in the amount of $20,069 for services provided to Debtor and directing the Chapter 13 trustee to pay those fees from funds held on hand; and c) allowing the remaining balance as an administrative claim under 11 U.S.C. §503(b) to be paid from Debtor's Chapter 7 estate. This is a core proceeding under 28 U.S.C. §157(b)(2)(A) over which the Court has jurisdiction pursuant to 28 U.S.C. §§1334(b), 157(a) and (b)(1). For the reasons set forth below, Counsel's request is granted in part and denied in part.

**I.  Procedural Background**

The Debtor filed a Chapter 13 petition on November 20, 2018. Counsel and Debtor entered into a pre-petition flat fee contract for a fee of $6,175 plus expenses which specifically excluded services unrelated to this bankruptcy case, adversary proceedings, appeals, conversions, and post-confirmation services. Counsel also signed the Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys ("RRA") which lays out what services are required to be provided by a debtor's attorney. On January 9, 2019, this Court granted Counsel's application for $2,978 of the flat fee and the remaining amount of $3,197 was to remain in the

1

trust account.  In March 2019, Debtor was indicted by a federal grand jury for alleged social security and bankruptcy fraud and a criminal proceeding followed.  In May 2019, the Internal Revenue Service filed a motion to dismiss for Debtor's failure to file tax returns in 2014-2017 regarding fraudulently obtained social security income obtained by using her ex-husband's social security number. In September 2019, the United States Trustee (the "UST") filed a motion to dismiss and in December 2019 filed an objection to confirmation, both of which were subsequently resolved.  On March 18, 2020, the UST filed a motion to convert to Chapter 7 under §1307(c).  All of the UST's motions and objections were mainly premised on Debtor's failure to disclose fraudulently obtained social security income and certain real estate. Thereafter, Counsel moved to withdraw as Debtor's counsel due to the amount of post-petition fees he was owed.  The Court denied the motion and granted the motion to convert.

On September 17, 2020, Counsel filed a second fee application and the UST objected. The Court directed Counsel to amend the fee application to include additional detail on the services provided.  On November 18, 2020, Counsel filed the Amended Second Fee Application seeking entry of an order a) approving the full flat fee of $6,175 and treating the funds in trust as earned fees; b) approving additional attorney fees in the amount of $20,069 for services provided to Debtor and directing the Chapter 13 trustee to pay those fees from funds held on hand; and c) allowing the remaining balance as an administrative claim under 11 U.S.C. §503(b) to be paid from Debtor's Chapter 7 estate.  The UST objected arguing that most of the fees sought above the agreed flat fee amount were for services included in the scope of the terms of the RRA, the fee agreement or both, and that only $2,465.00 of additional fees should be allowed.  The UST further contends that any additional allowed fees should not be an administrative expense but rather recovered directly from Debtor and not the bankruptcy estate in Chapter 7.

**II.	Discussion**

The Bankruptcy Code provides a framework for evaluating the appropriateness of professional fees. Section §329(b) authorizes the court to examine the reasonableness of a debtor's attorney's fees and, if such compensation exceeds the reasonable value of the services rendered, the court may order the return of any payment made. The decision to reduce fees under §329 is within the sound discretion of the bankruptcy court. *In re Miller Automotive Group, Inc.*, 521 B.R. 323, 326 (Bankr. W.D. Mo. 2014), *citing In re Sullivan's Jewelry, Inc.*, 226 B.R. 624, 627 (8th Cir. BAP 1998).

Section 330(a) provides that in determining the amount of reasonable compensation, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including the time spent, the rates charged, and the complexity of the tasks addressed. 11 U.S.C. §330(a)(3). It provides further that the court shall not allow compensation for services that were not "reasonably likely to benefit the debtor's estate…." 11 U.S.C. §330(a)(4)(A)(ii)(I). However, an exception is provided in §330(a)(4)(B) for Chapter 13 cases: "In a chapter 12 or chapter 13 case in which the debtor is an individual, the court may allow reasonable compensation to the debtor's attorney for representing the interests of the debtor in connection with the bankruptcy case based on a consideration of the benefit and necessity of such services *to the debtor and the other factors* set forth in this section." (Emphasis added). Additionally, this district has a form Rights and Responsibilities Agreement Between Chapter 13 Debtors and Their Attorneys which lays out the respective rights and responsibilities of both Chapter 13 debtors and their attorneys.

The attorney seeking compensation bears the burden of proving entitlement to all fees and expenses requested. *In re Kula*, 213 B.R. 729, 736 (8th Cir. BAP 1997). This burden is not

to be taken lightly given that every dollar expended on legal fees results is a dollar less that is available for distribution to the creditors. *In re Ulrich,* 517 B.R. 77, 80 (Bankr. E.D. Mich. 2014) (citations omitted).

Counsel asserts that he is entitled to $20,069 in addition to the flat fee amount because his fee agreement provides for additional fees for the claimed services. He claims that Debtor's representation significantly expanded due to the criminal investigation into an asserted overpayment of social security benefits to Debtor, Debtor's changes in financial circumstances, her failure to disclose material facts and information, failure to make plan payments and failure to follow advice of counsel. Debtor had not disclosed an indictment for fraud by the Social Security Administration and bankruptcy fraud arising from a previous case which expanded the scope and difficulty of representing Debtor on issues in the case. Counsel discovered a delinquent mortgage claim, dealt with Internal Revenue Service claims and a motion to dismiss, and a mortgage payment default, amended plan, objection to confirmation and motion to convert. Counsel submits that the services provided far exceeded the scope of the flat fee, were reasonable and necessary, and benefited the Debtor and the estate by preventing foreclosure of the real estate.

The UST contends that Counsel knew the potential for complex issues as evidenced by the amount of his flat fee agreement and due diligence would have made him aware of many of the issues. Further, the UST argues that work related to motions for relief are clearly encompassed in the RRA and that it was foreseeable in a Chapter 13 case to have to deal with the IRS, delinquent mortgage payments, amending plans and confirmation hearings and that there is an inherent risk for an attorney signing the RRA that they may have to do additional work based on a debtor's incomplete or inaccurate disclosures, otherwise the Court would be inundated with

fee applications to depart from the flat fee. The UST also argues that Counsel should have been on notice of many of the issues based on Debtor's prior case filing history.

The UST further contends that any additional allowed fees should not be an administrative expense but rather recovered directly from Debtor and not the bankruptcy estate in Chapter 7. The UST cites *In re Loganbill*, Case No. 11-21349, Docket #296 (Bankr. W.D. Mo. Feb. 17, 2017) for the rationale that payment of Counsel's fees and expenses from the estate is not appropriate because "allowing these fees as an administrative expense would penalize the unsecured creditors and surcharge their recovery in an amount in excess of the minimal amount they received during the [Chapter 12 Plan]." *Id.* At 8-9.

The UST does not object to Counsel receiving and transferring the remainder of the $6,175 flat fee from his trust account which totals $3,197. The UST does object to the majority of the compensation sought above the flat fee in the amount of $20,069. Counsel asserts that the fees sought are for work that exceeds that set forth in his fee agreement. As the UST notes, Counsel signed the RRA which the Court must take into account when considering the fee application. Counsel seeks compensation above the flat fee for any work done in relation to Debtor's failure to disclose information pertaining to certain real estate and a social security overpayment. However, the RRA provides that an attorney will respond in an appropriate manner to any pleading seeking relief against debtor and will prepare and file any necessary amended statements and schedules. It also provides that the attorney will monitor all information filed in the case and prepare any other motion that may be necessary to appropriately represent a debtor in the bankruptcy case and provide all other legal services that are necessary for the administration of the bankruptcy case. Counsel did seek to withdraw from the case prior to conversion due to fees owed but, after a hearing on the matter, the Court denied the request.

With the terms of the RRA and the fee application in mind, the Court has reviewed the specific fees sought above the flat fee amount and has determined those listed below could have been anticipated by Counsel, are ordinary services in a bankruptcy proceeding and fall under the provisions of the RRA and thus, should be included in the flat fee amount and disallowed. As noted, fees related to a motion for relief from stay, 341 meetings, mortgage delinquency issues, plan amendment issues, motion to withdraw and other general bankruptcy issues are common, ordinary bankruptcy services and central to Chapter 13 cases. The below listed services could have been anticipated by Counsel through his knowledge of Debtor's past bankruptcy filings and disclosures and his due diligence into such matters. Counsel may not have known all of the specific details but he could have reviewed Debtor's previous bankruptcy filings which showed additional disclosures. The motion to withdraw was akin to an administrative task related to the attorney-client relationship and did not benefit the client. Therefore, the Court finds the below listed services and fees to be included in the flat fee amount and disallowed in the amount of $5,230.50.

**RELIEF FROM STAY**

| Date | Time Billed | Amount Billed |
|---|---|---|
| 12/18/2018 | .1 | $29 |
| 12/18/2018 | .2 | $58 |
| 12/19/2018 | 1.5 | $435 |
| 12/21/2018 | .2 | $58 |
| 12/21/2018 | .8 | $232 |
| 12/21/2018 | .2 | $58 |
| 1/8/2019 | .1 | $29 |

| Date | Time Billed | Amount Billed |
|---|---|---|
| 2/22/2019 | .9 | $261 |
| 5/21/2019 | .3 | $87 <br><br>**TOTAL: $1,247** |

### **341 MEETINGS**

| Date | Time Billed | Amount Billed |
|---|---|---|
| 2/11/2019 | .9 | $112.50 |
| 2/11/2019 | .1 | $12.50 |
| 2/26/2019 | 2 | $580 |
| | | **TOTAL: $705** |

### **MORTGAGE DELINQUENCY ISSUE**

| Date | Time Billed | Amount Billed |
|---|---|---|
| 4/1//2019 | .5 | $145 |
| 7/15/2019 | .2 | $30 |
| 7/15/2019 | .3 | $87 |
| 7/16/2019 | .5 | $75 |
| 7/16/2019 | .4 | $116 |
| 7/22/2019 | .1 | $12.50 <br><br>**TOTAL: $465.50** |

**PLAN AMENDMENT**

| Date | Time Billed | Amount Billed |
|---|---|---|
| 4/2/2019 | 1.9 | $551 |
| 8/15/2019 | 1.8 | $522 **TOTAL: $1,073** |

**OTHER GENERAL BANKRUPTCY ISSUES**

| Date | Time Billed | Amount Billed |
|---|---|---|
| 5/13/2019 | .2 | $58 |
| 5/30/2019 | .2 | $58 |
| 4/27/2020 | .9 | $261 |
| 5/29/2020 | .8 | $232 |
| 6/5/2020 | 1.5 | $435 |
| 10/7/2020 | .3 | $87 |
| 10/7/2020 | .1 | $29 |
|  |  |  |
|  |  |  |
|  |  | **TOTAL: $1,160** |

**MOTION TO WITHDRAW**

| Date | Time Billed | Amount Billed |
| --- | --- | --- |
| 7/6/2020 | 1.8 | $522 |
| 10/6/2020 | .2 | $58<br><br>**TOTAL: $580** |

There are also fees sought above the flat fee which relate to the Debtor's misconduct. Many of those entries relate to the Internal Revenue Service's motion to dismiss for failure to file certain tax returns with regard to the fraudulently obtained social security income. There are also numerous time entries that seek fees above the flat fee that relate to a motion to dismiss, objection to confirmation and a motion to convert filed by the UST. These are largely based on omissions by Debtor related to the social security fraud and failure to disclose income fraudulently obtained, as well as failure to disclose certain real estate and personal property. These fraudulent, criminal allegations are not of the kind that are typically litigated in a Chapter 13 case and are not covered by the RRA or fee agreement.

The Court also agrees that the entries that relate directly to Debtor's criminal case and dealings with her public defender are unique in a Chapter 13 case. Those items are not usual and ordinary nor covered by the RRA. Counsel could not have anticipated these types of issues in a Chapter 13 case and the time spent on the below listed services all stemmed from Debtor's misconduct in failing to disclose income and assets related to the social security fraud.

Counsel requested that the Court enter an order finding any remaining balance owed beyond the flat fee amount be allowed as an administrative claim to be paid from the Chapter 7 estate in this converted case. As noted, the UST contends that any additional allowed fees

should not be an administrative expense but rather recovered directly from Debtor and not the bankruptcy estate in Chapter 7.

As this Court discussed in *Loganbill*, allowing fees associated with fraud allegations or misconduct as an administrative expense would have a serious and improper impact on the recovery by unsecured creditors. Allowing these fees as an administrative expense would penalize the unsecured creditors and surcharge their recovery in an amount in excess of the minimal amount they have received. Counsel is entitled to be compensated for his work to achieve completion of the case, both by way of the flat free agreement and the fees in excess of that amount not covered by the agreement or the RRA, but not by the Chapter 7 estate to the further detriment of unsecured creditors. The following entries the Court finds do not fall under the flat fee and will be allowed in addition to the flat fee. This totals $14,838.50 that the Court has determined should be allowed in excess of the flat fee amount to be paid by Debtor.

## **IRS MOTION TO DISMISS**

| Date | Time Billed | Amount Billed |
| --- | --- | --- |
| 5/7/2019 | .3 | $87 |
| 5/28/2019 | .9 | $261 |
| 5/28/2019 | .8 | $232 |
| 6/3/2019 | 1.6 | $464 |
| 8/7/2019 | .5 | $145 |
| 8/9/2019 | .7 | $203 |
| 8/12/2019 | 1.2 | $348 |
| 8/16/2019 | .1 | $29 |
| 9/4/2019 | .2 | $11 |

| 9/4/2019 | .4 | $22 |
| --- | --- | --- |
|  |  | **TOTAL: $1,802** |

## UST MOTIONS AND OBJECTIONS

| Date | Time Billed | Amount Billed |
| --- | --- | --- |
| 12/23/2019 | .1 | $15 |
| 1/10/2020 | .3 | $45 |
| 1/13/2020 | .2 | $30 |
| 1/20/2020 | .7 | $203 |
| 3/23/2020 | 1.2 | $348 |
| 4/7/2020 | .5 | $145 |
| 4/8/2020 | 4.3 | $1,247 |
| 5/18/2020 | 1.5 | $435 |
| 5/19/2020 | .3 | $87 |
| 5/19/2020 | 1.2 | $348 |
| 6/24/2020 | .2 | $58 |
| 6/24/2020 | 4.3 | $1,247 |
| 6/29/2020 | .1 | $29 |
| 7/2/2020 | 2.3 | $667 |
| 7/2/2020 | 1.1 | $319 |
| 8/17/2020 | .7 | $203 |
| 8/18/2020 | .7 | $203 |
| 8/19/2020 | 1.0 | $290 |

| | | |
|---|---|---|
| 8/19/2020 | 2.7 | $783 |
| 8/25/2020 | 6.3 | $1,827 |
| 8/25/2020 | 2.0 | $580 |
| 8/25/2020 | .5 | $145 |
| 8/26/2020 | 1.3 | $377 |
| 8/26/2020 | .7 | $203 |
| 8/26/2020 | 3.7 | $1,073 |
| 8/26/2020 | .4 | $116 |
| 9/16/2020 | 2.8 | $812 |
| | | |
| | | |
| | | **TOTAL: $11,835** |

**CRIMINAL PROCEEDING**

| Date | Time Billed | Amount Billed |
|---|---|---|
| 12/18/2018 | .3 | $87 |
| 3/12/2019 | .1 | $12.50 |
| 3/13/2019 | .5 | $145 |
| 3/13/2019 | .5 | $145 |
| 5/28/2019 | .2 | $58 |
| 5/28/2019 | 1.2 | $348 |
| 12/6/2019 | .2 | $58 |
| 12/20/2019 | .3 | $87 |

| 12/20/2019 | .1 | $29 |
| --- | --- | --- |
| 4/8/2020 | .3 | $87 |
| 6/24/2020 | .1 | $29 |
| 8/13/2020 | .1 | $29 |
| 8/18/2020 | .2 | $58 |
| 8/29/2020 | .1 | $29 |
|  |  | **TOTAL: $1,201.50** |

### III. Conclusion

Based on the foregoing analysis, the Court grants Counsel's request to approve the full flat fee amount of $6,175; the Court disallows fees in the amount of $5,230.50; and the Court allows additional attorney fees in the amount of $14,838.50 for services provided to Debtor and directs the Chapter 13 trustee to pay those fees from funds held on hand.  Counsel's request to allow this remaining balance as an administrative claim against the Debtor's Chapter 7 estate is denied but is approved for payment by the Debtor.

Date:  March 8, 2021            /s/ Dennis R. Dow_____
                                THE HONORABLE DENNIS R. DOW
                                UNITED STATES BANKRUPTCY JUDGE